JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALONZO MCKINNEY, | ) | No. CV 18-4088 JAK (FFM) |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION; |
| v. | ) ) | |
| SCOTT KERNAN, | ) ) ) | REFERRING THE PETITION TO THE U.S. COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A); |
| Respondent. | ) ) ) | DENYING A CERTIFICATE OF APPEALABILITY |

**DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE**

On or about May 7, 2018, petitioner Alonzo McKinney ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Petitioner challenges a conviction and sentence imposed by the California Superior Court for the County of Los Angeles in 1997 in Case No. BA140260.

---

[1] A pro se prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, Petitioner has not attached a proof of service to the Petition; however, the envelope containing the Petition bears a post mark dated May 7, 2018. Therefore, the Court will assume that the Petition was constructively filed no later than May 7, 2018.

1   The Court takes judicial notice of its files with respect to four prior habeas
2   petitions Petitioner filed in this Court.  On March 30, 1999, Petitioner filed in this
3   Court Case No. CV 99-3331 RMT (EE), a petition for writ of habeas corpus
4   pursuant to 28 U.S.C. § 2254, also challenging his conviction in Los Angeles
5   County Superior Court Case No. BA140260 (hereafter, the "First Petition").  On
6   March 23, 2001, the Court dismissed the First Petition on the merits with
7   prejudice.  (Docket No. 38 in CV 99-3331.)
8   　　　　On March 17, 2010, more than eight years later, Petitioner filed in this
9   Court Case No. CV 10-1932 GAF (FMO) (the "Second Petition"), also
10  challenging various aspects of his conviction and sentence in Los Angeles County
11  Superior Court Case No. BA140260.  On April 8, 2010, the Court issued an Order
12  Summarily Dismissing Petition for Lack of Jurisdiction on the basis that the
13  Second Petition constituted a second or successive petition challenging the same
14  conviction as Petitioner's First Petition, within the meaning of 28 U.S.C. §
15  2244(b).
16  　　　　On June 19, 2013, Petitioner filed in this Court Case No. CV 13-4403-GAF
17  (DTB) (the "Third Petition") yet another petition for wit of habeas corpus
18  challenging the same state court conviction.  On July 6, 2013, Judgment was
19  entered dismissing the Third Petition on the grounds that it also constituted a
20  second and/or successive petition challenging the same conviction as Petitioner's
21  First Petition, within the meaning of 28 U.S.C. § 2244(b).
22  　　　　On February 12, 2014, nearly fifteen years after he filed the First Petition,
23  Petitioner filed in this Court Case No. CV 14-1102 GAF (FFM) (the "Fourth
24  Petition").  As with respect to the earlier petitions, the Fourth Petition was
25  directed to the same conviction and/or sentence sustained in Los Angeles County
26  Superior Court Case No. BA140260.  On March 24, 2014, this Court summarily
27  dismissed the Fourth Petition as second and successive for lack of jurisdiction.
28  / / /

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

///

Therefore, because the Petition now pending challenges the same conviction as Petitioner's First, Second, Third, and Fourth Petitions, it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

**"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT**

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals. However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition. After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit

> arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it

///

proceeds first to resolve the issue whose answer is more apparent

from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

**ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

This action is dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A certificate of appealability is denied.

DATED: July 2, 2018

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
United States Magistrate Judge